**DLA PIPER**

DLA Piper LLP (US)
1251 Avenue of the Americas, 45th Floor
New York, New York 10020-1104
www.dlapiper.com

Christopher G. Campbell
christopher.campbell@dlapiper.com
T 212.335.4725
F 212.884.8725

September 23, 2013

*BY ECF AND E-MAIL*

Honorable A. Kathleen Tomlinson
United States District Court
for the Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Fair Housing in Huntington Committee, et al. v. Town of Huntington, et al.*
             CV 11-1298 (AKT)

Dear Judge Tomlinson:

      We represent Plaintiffs in this fair housing case. We write to respond to the issues raised in Defendants' September 20, 2013 letter to the Court (the "September 20th Letter"), which requests Your Honor's recusal in the event this case proceeds to trial. If a settlement is not reached in the settlement discussions with Your Honor on September 24th, then Plaintiffs request that you deny Defendants' request and preside over the trial beginning November 12, 2013. Defendants have not proffered any facts or precedents that require your disqualification.

      As you know, Your Honor has discretion to determine whether disqualification is proper in the first instance. *In re Initial Public Offering Securities Litigation*, 294 F.3d 297, 302 (2d Cir. 2002). The grounds for recusal are codified in 28 U.S.C. § 455. As an overarching matter, courts apply an objective test to recusal motions, which is whether "'a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned.'" *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 447 (2d Cir. 2005) (citation omitted). "'[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality.'" *Initial Public Offering*, 294 F.3d at 305 (citation omitted). Furthermore, it is well established that "[k]nowlege gained from the judge's discharge of [their] judicial function is not a ground for disqualification[.]" *Omega Engineering*, 432 F.3d at 448 (citation omitted). Where the standards governing disqualification are not met, "disqualification is not optional; rather, it is prohibited." *Initial Public Offering*, 294 F.3d at 305 (citation omitted).

      Defendants incorrectly submit that recusal for trial is proper in this case, "[i]n light of the *ex parte* settlement discussions that Your Honor had with the parties regarding their respective positions" during the settlement conferences. (*See* September 20th Letter). This bare assertion does not meet Defendants' "substantial burden to show that disqualification is proper." *United*



Honorable A. Kathleen Tomlinson
September 23, 2013
Page Two

*States v. Oluwafemi,* 883 F. Supp. 885, 891 (E.D.N.Y. 1995).

Defendants also do not meet their burden for disqualification, because Your Honor's participation in settlement discussions, parts of which were *ex parte*, does not mandate recusal in this case. For example, in *Creddille v. MTA Transit Authority*, the Court held that "[p]laintiff unreasonably interprets the Court's candor [in *ex parte* settlement discussions] about the merits of his case as bias or prejudice in favor of defendants, which is not supported by law." *Creddille v. MTA Transit Auth.*, 11-CV-5442, 2013 WL 633427, at *2 (E.D.N.Y. Feb. 20, 2013). The Court reasoned that such discussions assist parties in estimating their chances of success at trial and are *ex parte* "so as not to prejudice plaintiff's case vis-à-vis his adversaries." *Id.* at *2 n.3. Further, any knowledge of the parties' positions in this case was gained from the "discharge of [Your Honor's] judicial function," and thus disqualification is not proper. *See Omega Engineering*, 432 F.3d at 447-48 (affirming magistrate judge's denial of a motion to recuse since his knowledge of the settlement agreement was not extrajudicial).

For all these reasons, Defendants respectfully request that Your Honor deny the Plaintiff's request for recusal.

Respectfully submitted,

Christopher G. Campbell

cc: James P. Clark, Esq. (via e-mail)